PRADO, District Judge,
concurring:
I concur in the result reached by the majority but I write separately because I believe a different methodology is appropriate.
Although I agree that the Adopt-A-Highway program is a non-public forum, and that the State’s offered reasons for excluding the Texas Enights of the Eu Elux Elan (the “Elan”) from participation in the program are viewpoint-neutral, I do not find that the traditional test of viewpoint-neutral, reasonable restrictions is applicable in analyzing a regulatory scheme that lacks restrictions.[1]
Nevertheless, I find that the state may constitutionally exclude the Elan from its program under the facts of this case. Conceding that the Elan has a First Amendment right to participate in the Program, I find that the Elan’s right to express itself in this non-public forum is surmounted by the State’s compelling interests in ensuring compliance with the state and federal injunctions affecting the Vidor project, interests which the majority refers to as “reasonable restrictions.”

. In this case, the statute in question has not been subjected to a facial challenge, a test this statute may not survive. See Cox v. State of Louisiana, 379 U.S. 536, 557, 85 S.Ct. 453, 466, 13 L.Ed.2d 487 (1965) (finding it "clearly unconstitutional to enable a public official to determine which expressions of view will be permitted and which will not ... by use of a statute providing a system of broad discretionary licensing power").